J. P. McIntire *v.* Wm. H. James and C. C. Martin.

**Fraudulent Conveyance — Delivery of Goods — Contracts — Sales.**

While the sale, if *bona fide,* of tobacco in August, for future delivery, it not then being in such state as could be delivered, would not be invalid on account of such nondelivery, yet if left several months after it might reasonably have been turned over to the purchaser, becomes a badge of fraud on creditors, especially where strengthened by a subsequent levy by the vendee and the waiving of advertisement of the sheriff by the vendor's representative, and the sale of the whole amount of the tobacco, worth some $250, for the paltry sum of $50, no one being present at the sale but the sheriff, defendant, and agent of the execution creditor.

**Same — Bona Fide Sale.**

When there are badges of fraud established by the plaintiff, it devolves upon the defendant to rebut these by establishing a *bona fide* sale upon a valuable consideration actually paid.

APPEAL FROM MUHLENBURG CIRCUIT COURT.

June 12, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Although the sale of the tobacco by James to Martin in the month of August if *bona fide* would not be rendered invalid by reason of its nondelivery, as it was not then in a situation of delivery, yet its remaining there for several months after it might reasonably have been delivered becomes a badge of fraud, which is strengthened by the subsequent levy of the execution in favor of N. W. Martin, administrator of Rice, against James, who waived any advertisements by the sheriff and then procured the

whole crop of 2,500 pounds, worth some $10 per hundred, to be sold for less than $50, when no one was present but the sheriff, defendant James, and the agent of C. C. Martin.

Martin proves that the sale made in August was reduced to writing, and that the consideration recited was some $280 or more, but this witness nor any other saw any money paid; there was something then said as to some money having been previously paid by Martin for James, and of his being security for him to Ender, but the fact of payment or securityship is not otherwise established.

There are but few instances of fraudulent conveyance in which the evidence is not quite as imposing to uphold the sale as in this instance. When there are badges of fraud established by the plaintiff, as in this instance, it then behoves the defendant to rebut these by establishing a *bona fide* sale upon valuable consideration actually paid.

There is no reliable evidence of payment by Martin for James, except the nominal amount bid at the execution sale; if he paid money for James or as his surety certainly it is susceptible of proof, at least we must so presume in the absence of any reasons assigned to the contrary; besides if the tobacco was bonafidely the property of Martin he had an ample remedy by law without removing it in disregard of law and the rights of the execution creditors who then had it levied on.

The sheriff having levied on the tobacco for other execution creditors of James, who had executed indemnifying bonds, he held a special property in it which authorized him to sell, and before Martin can escape responsibility for his acts he must at least establish his right by as strong evidence as it would have taken for a recovery upon these indemnifying bonds.

The weight of evidence as now presented so far from authorizing a recovery by Martin, in a proceeding on these bonds, would have been against him and palpably so.

Wherefore, the judgment is reversed for a new trial and further proceedings.

*Hay,* for Appellant.

*Ricketts,* for Appellees.